| | |
|---|---|
| DEFENDANT: | DAVID KEE CREES a/k/a DR32 |
| YOB/AGE: | 1998/23 years |
| COMPLAINT FILED? | _____ Yes  \_\_\_x\_\_\_ No |
| | If Yes, MAGISTRATE CASE NUMBER |

OFFENSE(S):

| Counts | Statute | Violation |
|---|---|---|
| 1-7 | 18 U.S.C. §§ 1030(a)(2)(C), 1030(b), 1030(c)(2)(B)(i) & 2 | Access a protected computer without authorization for private financial gain |
| 8-14 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), 1030(c)(4)(A)(i)(I) & 2 | Cause damage to protected computer without authorization, causing loss of at least $5,000 |
| 15 | 18 U.S.C. § 1956(a)(1)(B)(i) | Money laundering |
| 16 | 18 U.S.C. §§ 1028(a)(7) & 1028(b)(2) | Trafficking in means of identification |
| 17 | 18 U.S.C. §§ 1029(a)(2), 1029(b)(1), & 1029(c)(1)(A)(i) | Trafficking in access devices |
| 18-22 | 18 U.S.C. § 1028A | Aggravated identity theft |

LOCATION OF OFFENSE: Denver County, Colorado

PENALTY:

| Counts | Statute | Penalty |
|---|---|---|
| 1-7 | 18 U.S.C. §§ 1030(a)(2)(C), 1030(b), 1030(c)(2)(B)(i) & 2 | NMT 5 years imprisonment; NMT 3 years SR; NMT $250,000 fine, or both; $100 SA |
| 8-14 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), 1030(c)(4)(A)(i)(I) & 2 | NMT 10 years imprisonment; NMT 3 years SR; NMT $250,000 fine, or both; $100 SA |
| 15 | 18 U.S.C. § 1956(a)(1)(B)(i) | NMT 20 years imprisonment; NMT $500,000 fine or twice the value of the property involved in the transaction; NMT 3 years SR; $100 SA |
| 16 | 18 U.S.C. §§ 1028(a)(7) & 1028(b)(2) | NMT 5 years imprisonment; NMT 3 years SR; NMT $250,000 fine, or both; $100 SA |
| 17 | 18 U.S.C. §§ 1029(a)(2), 1029(b)(1), & 1029(c)(1)(A)(i) | NMT 10 years imprisonment; NMT 3 years SR; NMT $250,000 fine, or both; $100 SA |
| 18-22 | 18 U.S.C. § 1028A | 2 years consecutive term of imprisonment |

AGENT: SA C. Ryan Johnston, HSI

AUTHORIZED  Andrea Surratt

BY:                 Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

___ five days or less    __x__ over five days

THE GOVERNMENT

X  will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

The statutory presumption of detention is not applicable to this defendant.