IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:21-cr-00402-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID KEE CREES,
   a/k/a "DR32,"

    Defendant.

---

**DEFENDANT'S <u>UNOPPOSED</u> MOTION TO VACATE THE TRIAL DATE, CURRENT DEADLINES, AND EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL ACT'S COMPUTATIONS**

---

Defendant David Kee Crees a/k/a "DR32" ("Mr. Crees"), by and through his counsel of record, Richard L. Tegtmeier of Sherman & Howard, L.L.C., hereby moves this Court for an Order vacating the current trial dates, current deadlines, and to exclude 120 days from the Speedy Trial Act's computations. In support thereof, Mr. Crees states as follows:

### I. BACKGROUND

1.     On December 7, 2021, Mr. Crees was indicted by a Grand Jury in Colorado on 22 counts in violation of 18 U.S.C. §§ 1030, 1956, 1028, 1029, and 1028A. Mr. Crees, an Australian citizen, was extradited to the United States in February 2024, and appeared before this Court for the first time on February 8, 2024.

2. The Court set March 12, 2024 as a deadline for filing motions, set a Trial Preparation Conference for April 10, 2024, and set a seven-day jury trial to commence on April 15, 2024.

## II. STANDARD FOR REQUESTED ACTION

3. The Court may exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7). Also, 18 U.S.C. § 3161(h)(7)(B)(i) provides that the Court may grant this delay by considering "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." Additionally, under 18 U.S.C. § 3161(h)(7)(B)(iv) additional consideration is to be given whether a continuance "would deny counsel for the defendant…reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Further, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales,* 137 F.3d 1431, 1433 (10th Cir. 1988)). The record must also contain an explanation for why the facts require the need for additional time.

4. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). The Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, and (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the

continuance and the harm that could be suffered as a result of the court's denial of the continuance. *Id.* No single factor is determinative. *Id.*

### III.     ARGUMENT

5.      Mr. Crees requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

6.      Mr. Crees was indicted in Colorado in 2021 and extradited to the U.S. in 2024. After his arrival in custody in Colorado, undersigned counsel was retained on his behalf. This case investigation has been going on for more than two years and allegedly involves multiple victims across various states.

7.      Counsel was advised on February 26, 2024, that the US Attorney's Office seized approximately 130 TB of data expected to be provided in discovery. Initial discovery will be provided by the Government this week, however, the mass of the data will take weeks to provide to Defense. This case involves an extreme volume of data and information. Defense counsel requires additional time to review the materials that will be provided by the government. While the likelihood of resolution of this case short of trial is high, counsel and Mr. Crees need time to review the materials provided by the government so that any decision in this case is fully informed after a thorough review of the documents produced in this case, as well as to conduct any mitigating investigation that must be accomplished.

8.      The government does not oppose the relief requested herein.

9.      Granting the continuance would enable counsel sufficient time to properly review discovery, investigate any potential witnesses, and retain any necessary experts.

10. Undersigned counsel has not received any discovery at the time of filing this Motion, and thus has not had a chance to review discovery with Mr. Crees.

11. Mr. Crees is detained at FCI Englewood and will remain in custody while this case is pending.

12. Mr. Crees agrees with the requested relief.

WHEREFORE, the Defense respectfully requests that this Court issue an order vacating the current trial date, vacate current deadlines, and exclude 120 days from the speedy trial time limitation, and any further orders the Court deems necessary and just.

DATED: March 4, 2024

By:

*s/ Richard Tegtmeier*
Richard Tegtmeier, Colo. Atty. Reg. No. 2544
Sherman & Howard L.L.C.
675 15th Street, Suite 2300
Denver, CO 80202
Phone Number: 303.299.8163
E-mail: rtegtmeier@shermanhoward.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March 2024, the foregoing **DEFENDANT'S UNOPPOSED MOTION TO VACATE THE TRIAL DATE, CURRENT DEADLINES, AND EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL ACT'S COMPUTATIONS** was filed via the USDC-Colorado CM/ECF system which will serve notice on all parties of record.

*s/ Kelsey Kielman*