# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00402-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID KEE CREES, a/k/a DR32,

    Defendant.

## ORDER GRANTING MOTION TO CONTINUE

The defendant moves to continue the trial date in this case by 120 days, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. Doc. 20. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the defendant's motion is granted.

## PROCEDURAL HISTORY

On December 7, 2021, the defendant was indicted on twenty-two counts relating to computer hacking, identity theft, and money laundering. Doc. 1. On February 8, 2024, the defendant had his initial appearance in this Court. Doc. 11. On February 13, he pleaded not guilty at his arraignment, Doc. 13, making April 18, 2024 the deadline for his trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 16, I entered an order setting trial to commence on April 15. Doc. 16. On March 4, the defendant filed the motion to continue

- 1 -

currently before me. Doc. 20. The Government does not oppose the requested continuance. *Id.* ¶ 8.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the

public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

**DISCUSSION**

The defendant requests a continuance because counsel needs more time to: (1) review the Government's voluminous discovery disclosures comprising approximately 130 TB of data, some of which has yet to be provided to the defense; and (2) conduct any necessary further investigation, including investigating potential witnesses and retaining experts. Doc. 20 ¶¶ 7, 9.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that the defense has not

been diligent in reviewing discovery, or that the Government has not been diligent in producing it. It also appears likely that the continuance, if granted, would accomplish the defense's stated purpose of allowing adequate time for counsel to review the voluminous discovery and become fully informed regarding the case. The Government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And the defendant might be significantly prejudiced if the continuance is denied, as he and his counsel may be unable to effectively prepare for trial without adequate time to gather, review, and analyze information relevant to the case.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. It is in the defendant's best interest to have sufficient time to gather and review all relevant information and have informed discussions with his counsel regarding his case. Without the requested continuance, defense counsel will be unable to effectively advise the defendant, file appropriate pretrial motions, knowingly and intelligently engage in plea negotiations, or prepare the case for trial if necessary. A limited ends-of-justice continuance will not subvert the public's or the defendant's interests in the prompt prosecution of this case.

## CONCLUSION

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendant

the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

120 days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is **ORDERED** that:

The defendant's Unopposed Motion to Vacate the Trial Date, Current Deadlines, and Exclude 120 Days from the Speedy Trial Act's Computations, **Doc. 20**, is **GRANTED**;

120 days, from March 5, 2024 to July 3, 2024, will be excluded from the computation of the Speedy Trial Act time;

The seven-day jury trial set for April 15, 2024 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **August 12, 2024** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for April 10, 2024 is **VACATED** and **RESET** to **1:30 p.m.** on **August 6, 2024** in Courtroom A1002; and

The pretrial motions deadline is extended to **July 10, 2024**, responses to those motions must be filed no later than **July 17, 2024**, and no replies are permitted without prior leave of the Court. The

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines, Doc. 16, and are now tied to the new trial and Trial Preparation Conference dates.

DATED: March 5, 2024

BY THE COURT:

---

Daniel D. Domenico
United States District Judge